## Biddle v. Home Mutual Insurance Company of Pennsylvania

*Jay E. Goldfarb*, for plaintiff.
*Dean B. Stewart*, for defendant.

HONEYMAN, *J.*, June 27, 1978—This action in assumpsit, which asserts a claim for damages resulting from the permeation of the subject premises by soot and smoke, for which plaintiff claims defendant insurance company is liable under a certain policy of fire insurance, was tried before the undersigned judge without a jury on June 23, 1978. The following findings of fact, conclusions of law and order comprise the court's decision in accordance with Pa.R.C.P. 1038.

## FINDINGS OF FACT

1. At all times material hereto, plaintiff was the owner of premises 221 Gypsy Lane, Wynnewood, Lower Merion Township, Montgomery County, Pa.

2. On June 16, 1975, defendant insurance company issued a fire insurance policy to plaintiff covering the said premises.

3. On or about December 15, 1975, the dwelling house on the subject premises and its contents were permeated by smoke and soot causing damages to the dwelling and its contents.

4. Said insurance policy provides, inter alia, as follows:

"This policy insures against direct loss to the property covered caused by:

• • •

"11. Sudden and accidental damage from smoke, other than smoke from agricultural smudging or industrial operations. . . . "

• • •

5. There are no specific exclusions in the said

contract of insurance that would be applicable herein.

6. The damages sustained by plaintiff were sudden and accidental within the plain meaning of those words.

7. Plaintiff gave defendant written notice of its claim of loss in timely fashion and within the terms of the contract of insurance.

8. The damages sustained by plaintiff to his dwelling and its contents totalled $3,877.59.

## DISCUSSION

Defendant resists paying the damages done to the property of plaintiff because it contends that they were not "sudden and accidental." This whole case turns upon the meaning of those words, since defendant does not invoke any exclusionary clause under its contract of insurance.

These two words are defined in Black's Law Dictionary as follows:

"Sudden,      Happening without previous notice or with very brief notice; coming or occurring unexpectedly; unforeseen; unprepared for.

"Accidental,  Happening by chance, or unexpectedly; taking place not according to usual course of things; casual; fortuitous."

The only case cited by either counsel was one cited by plaintiff's counsel, viz., Cooper v. Foremost Insurance Co., 17 Chester 327 (1969). Therein, the late President Judge Gawthrop stated, at pages 328-329:

". . . An 'accident' is in general anything that happens or begins to be without design, or as an unforeseen event; it is an undesirable and unfortunate happening, an undesigned harm or injury, a casualty or mishap. An 'accidental' occurrence is something happening or coming by chance or without design, and in its ordinary, popular sense it expresses the thought of an event occurring without design or purpose, or unintentionally on the part of the insured. . . . The word 'accidentally' in its popular and most common meaning may be described as an unintended or unexpected event occurring without known or assignable cause, and a fire occurring unexpectedly, without intention and without any known cause, is 'accidental' so as to allow recovery for resulting loss under a fire insurance policy."

There is no question that plaintiff sustained damages from smoke at a time that the premises were covered by his contract of insurance with defendant. The specific cause thereof was not established. Under the foregoing definitions, it is abundantly clear that these damages were sudden and accidental. Therefore there is no reason why defendant is not liable therefor.

## CONCLUSIONS OF LAW

1. The smoke damage to plaintiff's premises was sudden and accidental.

2. Under the terms of the contract of insurance, defendant is liable therefor.

## ORDER

And now, June 27, 1978, the court decides in favor of plaintiff, Raymond C. Biddle, and against

defendant, Home Mutual Insurance Company of Pennsylvania, and awards damages in the amount of $3,877.59, plus simple interest at the rate of six percent per annum from January 31, 1976.